No. 17590—Horace B. Vance v. James C. Davis, as Agent Appointed by the President. Error to the Court of Appeals of Gallia county.

JUDGMENTS—Jurisdiction of Court of Appeals to review under 12260 GC.

WANAMAKER, J.

1. The parties to a cause are not determined solely by the caption in that cause, but from the entire record in the cause.

2. Where a suit is brought in the court of common pleas by an injured party against the director general of railroads, trial had upon the issues joined, in which trial a directed verdict is ordered by the presiding judge in favor of the defendant below, motion for new trial overruled, and judgment entered upon the verdict; and, where, subsequently thereto, in due form and time, a bill of exceptions prepared, submitted to one of counsel of record for such director general of railroads, and thereafter duly filed in court; and where a petition in error is duly prepared and filed, accompanied by "waiver of issuing and service of process and entry of appearance," duly signed by such attorney of record, the court of appeals, under and by virtue of Section 12260, General Code, has jurisdiction over the defendant below for the purpose of reviewing the judgment entered in the court of common pleas.

Judgment reversed.

Jones, Matthias and Allen, JJ., concur.

---

No. 17941—The State, ex rel. Oather M. Junk, v. Leon C. Herrick, as Director of Highways, etc. In mandamus.

STATE CONTRACTS—(1) Certain proposed contracts need not be submitted to department of finance—(2) Its functions clerical, and has no control over policies of highway department—(3) Definition of "order" in 154-29 and 30 GC.

MARSHALL, C. J.

1. By the provisions of Section 154-28, General Code, in paragraph 4 thereof, the governor is empowered to require the submission to the department of finance of copies of all contracts entered into on behalf of the state by other administrative departments of the state government, but those provisions do not imply authority to require the submission of proposed contracts by other departments to the department of finance for his approval.

2. The essential functions of the department of finance are those of auditing, accounting, supervising public expenditures, and all functions incident thereto, but that department has no control over the policies of the highway department under the administrative code.

3. The definition of the term "order" in Section 154-29, General Code, has no application to the use of that word as found in Section 154-30, General Code.

Demurrer overruled.

Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

No. 17616—Rebecca Foltz v. J. C. Boone et al. Error to the Court of Appeals of Columbiania county.

ADMINISTRATORS—(1) When not duty to defend action relative to the title to assets—(2) When attorney fees and litigation expenses not to be charged to estate.

ALLEN, J.

1. It is the duty of an administrator to preserve the assets of the estate, but it is not his duty to defend an action brought to decide who is entitled to the estate when the only heir at law is represented by counsel in the same case and actively contests the action.

2. An administrator who defends an action for specific performance of a contract alleged to have been made by his decedent, to will the plaintiff all the residue of decedent's estate in consideration of care and service for the rest of her life, after payment of all debts and costs, in a case in which the only heir at law is represented by counsel and actively contests the action, cannot, if unsuccessful in defending the action, charge the estate with attorney fees and expenses of litigation incurred in the contest.

Judgment of the court of appeals reversed and that of the common pleas affirmed. Marshall, C. J., Wanamaker and Day, JJ., concur.

---

### GENERAL DOCKET

#### Tuesday, May 15

17950—Horace B. Vance vs. James C. Davis, as Agent. Error to the Court of Appeals of Gallia county. Judgment reversed. Wanamaker, Jones, Matthias and Allen, JJ., concur.

17616—Rebecca Foltz vs. J. C. Boone et al. Error to the Court of Appeals of Columbiana county. Judgment of the Court of Appeals reversed and that of the Court of Common Pleas affirmed. Marshall, C. J., Wanamaker, Day and Allen, concur.

17648—The Metropolitan Securities Co. vs. Martin Orlow et al. Certified by the Court of Appeals of Lorain county. Judgment for plaintiff in error. Marshall, C. J., Robinson, Jones and Matthias, JJ., concur. Wanamaker, Day and Allen, JJ., dissent.

---

### MOTION DOCKET

17845—City of Portsmouth vs. Public Utilities Commission. Motion by Portsmouth Gas Co. to be party defendant in error. Allowed.

17916—State of Ohio vs. the Central Trust Co., etc., et al. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

17918—Isaac Hamlin vs. City of Cleveland. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

17933—Louis K. Birinyi vs. Imre Ridarcsik, Maydolna Ridarcsik. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

17936—E. F. Shively vs. the City Railway Co. Motion for an order directing the Court of Appeals of Montgomery county to certify its record. Overruled.